1

Center for Disability Access
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

2

3

4

5

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (626) 765-7625

6

7

8

9

Attorneys for Plaintiff

10

11

UNITED STATES DISTRICT COURT

12

SOUTHERN DISTRICT OF CALIFORNIA

13

14

15  **Scott Schutza**,

16           Plaintiff,

17      v.

18  **County of San Diego**,

19           Defendant.

20

21

22

Case No.:  **'22CV312  BAS WVG**

**Complaint for Injunctive Relief and Damages** for Violation of:

1. Title II of the American's With Disabilities Act, 42 U.S.C. §12131 *et seq.*;
2. California's Disabled Persons Act, Cal. Civ. Code § 54; and
3. California Gov't Code § 11135

23

24

25      Plaintiff Scott Schutza complains of Defendants County of San Diego

26  and alleges as follows:

27

28

1

COMPLAINT

**INTRODUCTION**

1.      Plaintiff Scott Schutza ("Plaintiff"), an individual with physical impairments who uses a wheelchair for mobility, brings the instant action alleging that Defendant County of San Diego ("Defendant" or "County") has discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act ("ADA") and related state anti-discrimination statutes.

2.      As detailed herein, Plaintiff alleges that Defendant has failed and/or refused to properly construct, alter, and/or maintain the public facilities of Cactus County Park ("Park") so that they are accessible to and usable by him as a person with physical disabilities who uses a wheelchair.

3.      As a result of Defendant's failure to ensure the accessibility and usability of the public facilities of the Park Plaintiff has been, and will continue to be, denied full and equal access to the public facilities of the Park and the services, activities and programs offered by and through the Park, all to his damage.

4.      Through this lawsuit, Plaintiff seeks an injunction requiring Defendant to provide him "full and equal" access to Cactus Park as required by law.

5.      Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing his civil rights.

**PARTIES**

6.      Plaintiff is, and at all times relevant herein was, an individual and California resident.

7.      The County is, and at all times relevant herein was, a municipal corporation and political subdivision of the State of California.

COMPLAINT

**JURISDICTION & VENUE**

8.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

9.    Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and the same transactions, is also brought under California's Disabled Persons Act (which expressly incorporates the ADA.  Cal. Civ. Code § 54(c)), and California Government Code 11135.

10.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

11.    Plaintiff has physical impairments due to a paraplegia.

12.    Plaintiff is significantly limited in his mobility.

13.    Plaintiff uses a wheelchair for mobility.

14.    Due to his use of a wheelchair Claimant cannot use public facilities unless they are configured for use by disabled persons.

15.    Defendant County owns, operates, controls and maintains the public facilities of Cactus County Park, located at 10610 Ashwood, in the City of Lakeside, California.

16.    The Park offers members of the public a unique mix of recreational opportunities. Covering 59.58 acres, the Park features a 1-mile trail, ball fields and an air strip for radio-controlled airplanes.

17.    Plaintiff is a resident of Lakeside and likes to frequent the Park both by himself and with his grandchildren.

18.    Plaintiff visited the Park on multiple dates within the last three

COMPLAINT

1   years, including August 31, 2021, November 24, 2021, and December 14,

2   2021, to, among other things, recreate, watch his grandchildren recreate, use

3   the trail, relax and exercise.

4       19.    On all these occasions, Plaintiff personally encountered one or

5   more of the following barriers to accessibility:

6       a. The parking lot at the southeast end of the Park, to the west

7          of Ashwood Street, contains approximately 47 parking

8          spaces, none of which are signed or configured for use by

9          disabled persons like Plaintiff. To comply with federal

10         accessibility standards, the lot should have a minimum of

11         two designated accessible spaces, including one

12         configured for van use. See ADA Standards 208.2 and

13         208.2.4. Plaintiff has a DMV-issued disabled parking

14         placard and require the features of designated accessible

15         parking spaces – e.g., access aisles – in order to safely

16         access and use parking facilities. Without an access aisle,

17         Plaintiff has insufficient room to assemble and

18         disassemble his wheelchair and enter and exit his vehicle.

19      b. The restroom on the east side of the Park is not connected

20         to an accessible route. The restroom sits atop a concrete

21         slab. Wheelchair users like Plaintiff cannot reach the

22         restroom because the route leading to it consists of loose

23         dirt and rocks and is not firm, level or slip resistant. Nor

24         can a wheelchair user enter the restroom because the

25         entrance is obstructed by a step / lip measuring

26         approximately 3 inches in height. These barriers and lack

27         of an accessible route to the restroom violates accessibility

28         standards. See ADA Standards 206.2.2, 302.1, 402, 403.

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     c.   There are no accessible routes connecting: (a) the parking lot to the walking trail; (b) the parking lot to the baseball fields; or (c) the walking trail to the baseball fields.  The walking surfaces connecting these facilities consist of loose dirt and rocks. They are not firm, level or slip resistant; accordingly, violate federal accessibility standards. See ADA Standards 206.2.2, 302.1, 402, 403.

20.    The above-described barriers have denied Plaintiff full and equal access to the public facilities of the Park and the services, activities and programs offered by and through the Park, and caused him to experience difficulty, discomfort, embarrassment, anger and frustration.

21.    Plaintiff alleges, on information and belief, that there are other barriers and discriminatory policies on and in effect in the Park that relate to his disability and prevent him from having full and equal access to the Park. Plaintiff has standing to challenge such additional barriers. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them), recognized as applicable in the Title II context in Kirola v. City & Cty. of San Francisco, 860 F.3d 1164, 1175 (9th Cir. 2017). Plaintiff will amend his Complaint to plead these additional barriers once a noticed, expert-led site inspection can be conducted.

22.    On December 28, 2021, Plaintiff wrote to the County to provide it with notice of the access barriers he experiences at the Park and describe the harms such barriers have caused and continue to cause him. In that correspondence, Plaintiff asked that the County retain a Certified Access Specialist ("CASp") to inspect the public facilities of the Park -- *including but not limited to the parking, paths of travel, restrooms and ball fields* -- and

COMPLAINT

1    make recommendations on the remediation necessary to make the public

2    facilities of the Park accessible to and usable by people with disabilities as

3    required by law. Plaintiff also asked that the County implement the

4    recommendations of the CASp and asked that his request for remediation be

5    considered a formal request for reasonable modification pursuant under

6    federal law. 28 C.F.R. § 35.130(b)(7)(i).

7        23.    The County failed to respond to Plaintiff's December 28, 2021,

8    request for reasonable modification.

9        24.    The County failed to act on Plaintiff's December 28, 2021,

10   request for reasonable modification.

11       25.    The accessibility barriers described herein continue to exist as of

12   the date of the filing of this Complaint and continue to deny Plaintiff full and

13   equal access to and use of the public facilities of the Park and the services,

14   activities and programs offered by and through the Park.

15       26.    The accessibility barriers described herein continue to exist as of

16   the date of the filing on this Complaint and have prevented and deterred

17   Plaintiff from accessing and using the public facilities of the Park and the

18   services, programs and activities offered to the public by and through the Park.

19       27.    The County's lack of compliance with applicable federal and

20   state accessibility standards at the Park is obvious and intuitive.

21       28.    At all times relevant herein the County had the ability and means

22   to ensure access at the Park but instead, it chose not to.

23       29.    On information and belief, the County lacks policies and

24   procedures to ensure that that the public facilities of the Park are constructed

25   and altered in compliance with federal and state accessibility standards.

26       30.    On information and belief, the County lacks policies and

27   procedures to ensure that the public facilities of the Park are maintained in

28   compliance with federal and state accessibility standards.

COMPLAINT

1        31.    On information and belief, the Park has undergone construction

2    and/or alteration since January 1, 1982, triggering applicability of California

3    accessibility standards, California Code of Regulations, Title 24. Plaintiff is

4    informed and believes, and on that basis alleges that the County has failed to

5    comply with these standards.

6        32.    On information and belief, the Park has undergone construction

7    and/or alterations since January 26, 1992 triggering applicability of ADA

8    Standards for Accessible Design (ADA Standards), 36 C.F.R. pt. 1191, appxs.

9    B and D; 28 C.F.R. pt. 36, subpart D.  Plaintiff is informed and believes, and

10    on that basis alleges that the County has failed to comply with these standards.

11        33.    Plaintiff plans to continue to visit the Park. Until the above-

12    described barriers to the Park are remediated and the County's discriminatory

13    policies and procedures regarding the construction, alteration and

14    maintenance of the Park are modified, Plaintiff will continue to experience

15    difficulty, distress, embarrassment, frustration, fear and anger when he visits

16    the Park, and will continue to be denied full and equal access to and use of the

17    public facilities of the Park and the services, programs and activities offered

18    to the public by and through the Park, all to his damage.

19        34.    The nature of the County's discrimination, described herein,

20    constitutes a continuing violation, and unless enjoined by this Court, will

21    result in ongoing and irreparable injury to Plaintiff.

22        35.    Plaintiff has no adequate remedy at law because monetary

23    damages, which may compensate for past unlawful conduct, will not afford

24    adequate relief for the harm caused by the continuation of the wrongful

25    conduct of the County and the denial of his civil rights as herein alleged.

26    Accordingly, Plaintiff is entitled to injunctive relief.

27

28

COMPLAINT

**GOVERNMENT CLAIM FILED**

*(With regard to claims for damages under California State Law)*

36.     Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the County on or about December 28, 2021.

37.     The Office of County Counsel sent a letter to Plaintiff's counsel on February 8, 2022.  This letter confirmed a "determination of legal liability."

38.     The letter also alleged that the Office of County Counsel had "advised" Plaintiff of the insufficiency of his claim through a mailing on January 7, 2022.  No such mailing was received by Plaintiff or his counsel (his designated representatives for purposes of the claim).

39.     The letter concluded that because Plaintiff "failed ... to file an amended claim" that "no valid claim has been filed."

40.     The letter also asserted that Plaintiff's claim had been "denied as a matter of law."

41.     Plaintiff's counsel received the February 8, 2022, letter from the Office of County Counsel on February 14, 2022. Plaintiff's counsel responded the next day, in writing, to: (a) advise that a letter of insufficiency was never received and dispute that any such letter was ever mailed; (b) dispute that Plaintiff's December 28, 2021, claim was in any way insufficient.  As Plaintiff and his counsel have never received any explanation exactly how Plaintiff's claim was allegedly deficient, Plaintiff's counsel also took the opportunity to provide a requirement-by-requirement breakdown of how the claim met every aspect of California Government Code section 910 et seq.

42.     The February 15, 2022, letter from Plaintiff's counsel to the Office of County Counsel also invited the Office to contact them to discuss the possibility of resolving Plaintiff's claim without the need for litigation.

43.     As of the date of this filing, the County has: (a) not remediated the inaccessible conditions at the Park; (b) not responded to Plaintiff's

COMPLAINT

1  December 28, 2021, reasonable modification request; (c) not responded in any

2  substantive way to Plaintiff's December 28, 2021, government claim; and (d)

3  not responded to Plaintiff's February 15, 2022, correspondence.

4      44.   In light of his knowledge of the accessibility barriers that

5  continue to exist at the Park, Plaintiff has been deterred from returning there

6  since his December 28, 2021, claim was filed. Plaintiff will continue to be

7  deterred from visiting the Park until the accessibility barriers are removed.

8  Plaintiff plans to visit the Park again on his own and with his grandchildren

9  as soon as the accessibility barriers are removed.

10

11  **FIRST CAUSE OF ACTION**

12  **Title II of the Americans with Disabilities Act**

13  **42 U.S.C. § 12131 et seq.**

14      45.   Plaintiff re-pleads the allegations contained in each of the

15  foregoing paragraphs and incorporates them herein as if separately re-pled.

16      46.   Title II of the ADA provides in pertinent part: "[N]o qualified

17  individual with a disability shall, by reason of such disability, be excluded

18  from participation in or be denied the benefits of the services, programs, or

19  activities of a public entity, or be subjected to discrimination by any such

20  entity." 42 U.S.C. § 12132.

21      47.   Plaintiff is, and at all times relevant herein was, a person with a

22  "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

23      48.   The County is a public entity within the meaning of the ADA. 42

24  U.S.C. § 12131(1).

25      49.   The County has fifty (50) or more employees.

26      50.   The provision, operation and maintenance of the Park for the

27  benefit of the public is a program, service, and/or activity of the County.

28

9

COMPLAINT

1       51.    Plaintiff is, and at all times relevant herein was, a "qualified

2    individual with a disability" within the meaning of Title II of the ADA. 42

3    U.S.C. § 12131(2). As a member of the public, Plaintiff meets the essential

4    eligibility requirements to use the Park.

5       52.    Defendant's acts and omissions as herein alleged have excluded

6    and/or denied Plaintiff the benefit and use of the Park, in violation of Title II

7    and its implementing regulations. The Defendant's discriminatory conduct

8    includes, *inter alia*:

9           a. Failing and refusing to operate the Park so that it is "readily

10             accessible to and usable by individuals with disabilities" (28

11             C.F.R. § 35.150(a));

12          b. Failing and refusing to maintain in operable working

13             condition those features of the Park that are required to be

14             readily accessible to and usable by persons with disabilities

15             (28 C.F.R. § 35.130(b)(7))

16          c. Failing and refusing to design, construct, and/or alter the Park

17             in a manner such that it is readily accessible to and usable by

18             individuals with disabilities, when the construction/alteration

19             was commenced after January 26, 1992 (28 C.F.R. § 35.151);

20          d. Denying Plaintiff the opportunity to participate in or benefit

21             from the aids, benefits, or services offered by Defendant to

22             members of the public by and through the Park, on the basis

23             of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

24          e. Affording Plaintiff an opportunity to participate in or benefit

25             from the aids, benefits, or services offered by Defendant to

26             members of the public by and through the Park that is not

27             equal to that afforded his non-disabled peers (28 C.F.R. §

28             35.130(b)(1)(ii));

COMPLAINT

f.   Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendant to members of the public by and through the Park (28 C.F.R. § 35.130(b)(1)(vii));

g.   Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)); and

h.   Failing and refusing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

53.    Under Title II of the ADA Defendant was required to conduct a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a).

54.    On information and belief, as of the date of the filing of this Complaint, Defendant has failed to conduct a self-evaluation related to or including access to the Park.

55.    Under Title II of the ADA Defendant was required to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Park and the County's sidewalks and curbs within six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1).

56.    On information and belief, as of the date of the filing of this Complaint, Defendant has failed to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Park.

11

COMPLAINT

1    57.    Under Title II of the ADA Defendant was required to remove

2  physical barriers that limit or deny people with disabilities access to its

3  programs, services and activities by no later than January 26, 1995.  28 C.F.R.

4  § 35.150(c).

5    58.    On information and belief, Defendant has failed, since the ADA

6  was enacted and every year thereafter, to take appropriate measures to identify

7  and remove barriers to the Park.

8    59.    Title II of the ADA requires public entities to undertake barrier

9  removal as a "reasonable modification" in response to a request by, or on

10  behalf of, someone with a disability. 28 C.F.R. § 35.130(b)(7).

11    60.    Defendants violated the ADA by refusing to undertake barrier

12  removal at the Park as a "reasonable modification" in response to Plaintiff's

13  request for the same.

14    61.    Defendant's duties under Title II of the ADA pertaining to the

15  accessibility of the Park are mandatory and long-established. Defendant had

16  knowledge of its duties at all times relevant herein; its failure to carry out said

17  duties as alleged herein was a willful and knowing decision and choice, and/or

18  the product of deliberate indifference.

19    62.    Defendant was provided actual notice of the barriers to the Park

20  and its discriminatory policies; the impact those barriers and discriminatory

21  policies have on Plaintiff; and its duty to remove and modify such barriers and

22  policies under Title II of the ADA and related state statutes. Despite this

23  knowledge, Defendant has failed and refused to take any steps to remove the

24  barriers, modify their policies or otherwise address Plaintiff's concerns.

25  Defendant's failures in this regard constitute deliberate indifference.

26    63.    Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for

27  judgment as set forth below.

28

12

COMPLAINT

1

2

3

4

### SECOND CAUSE OF ACTION

### California Disabled Persons Act

### California Civil Code § 54 *et seq.*

### *(Statutory damages and attorneys' fees only)*

5        64.    Plaintiff re-pleads the allegations contained in each of the

6    foregoing paragraphs and incorporates them herein as if separately re-pled.

7        65.    The   Disabled   Persons   Act   ("CDPA")   provides   that

8    "[i]ndividuals with disabilities or medical conditions have the same right as

9    the general public to the full and free use of the streets, highways, sidewalks,

10   walkways, public buildings, … public facilities, and other public places." Cal.

11   Civ. Code §54 (a).

12       66.    The CDPA also provides that "[i]ndividuals with disabilities shall

13   be entitled to full and equal access, as other members of the general public, to

14   accommodations, advantages, facilities, … and privileges of all … places of

15   public accommodation, and other places to which the general public is

16   invited." Cal. Civ. Code § 54.1(a)(1).

17       67.    A violation of the ADA constitutes a violation of the CDPA. Cal.

18   Civ. Code §§ 54(c) and 54.1(d).

19       68.    Any person or persons, firm or corporation who denies or

20   interferes with an individual's rights under Section 54 is liable for each

21   offense.  Cal. Civ. Code §54.3(a).

22       69.    The Park is a public facility and/or public place as contemplated

23   by the CDPA.

24       70.    As the owners and or operators of the Park, Defendant is

25   obligated to comply with the provisions of the CDPA.

26       71.    Defendant is a "person" and/or "corporation" subject to

27   California Civil Code section 54.3.

28

COMPLAINT

72.     Defendant's acts and omissions, as herein alleged, have violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the accommodations, advantages, facilities, and privileges of the Park.

73.     Defendant's acts and omissions, as herein alleged, have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA. *See* Plaintiff's First Cause of Action.

74.     Defendant's duties under the CDPA are mandatory and long established. Defendant is deemed to have had knowledge of its duties at all times relevant herein; its failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

75.     Defendant was provided actual notice of the barriers to the Park and its discriminatory policies; the impact those barriers and discriminatory policies have on Plaintiff; and its duty to remove and modify such barriers and policies under the CDPA and related federal and state laws. Despite this knowledge, Defendant has failed and refused to take any steps to remove the barriers, modify its policies or otherwise address Plaintiff's concerns. Defendant's failures in this regard constitute deliberate indifference.

76.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a). *Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

## THIRD CAUSE OF ACTION
### California Government Code § 11135

77.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

14

COMPLAINT

78.     Section 11135(a) of the California Government Code provides in pertinent part: "No person in the State of California shall, on the basis of ... disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state."

79.     Defendant is a recipient of financial assistance from the State of California.

80.     In acting as herein alleged, Defendant has subjected individuals with disabilities to discrimination, and has denied such individuals the full and equal benefits of the public facilities of the Park, and the services, programs and activities offered at the Park, in violation of Government Code section 11135.

81.     California Government Code section 11135(b) also incorporates the protections and prohibitions contained in the ADA and its implementing regulations. For all the reasons outlined above under Plaintiff's First Cause of Action, Defendant has violated and continues to violate the ADA. This serves as an additional basis for liability.

82.     Pursuant to California Government Code section 11139, Plaintiff has a private right of action to enforce California Government Code section 11135(b).

83.     Pursuant to California Government Code section 11139, Plaintiff prays for judgment as set forth below.

15

COMPLAINT

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

      a.  Issue an injunction pursuant to the ADA and Government Code 11135 enjoining Defendant to remediate the Park and modify its discriminatory policies related to the construction, alteration and maintenance of the Park to comply with applicable accessibility standards and ensure that people with disabilities including Plaintiff have full and equal access to and use of the Park;

      b.  Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this Court;

      c.  Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

      d.  Award such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 7, 2022

By:   /s/ Michelle Uzeta
        Michelle Uzeta, Esq.
        Attorneys for Plaintiff

16

COMPLAINT